UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **DEREK MORTLAND**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 3:24-cv-236 |
| v. | ) | |
| | ) | |
| **FIVE SG, LLC**, | ) | Judge: |
| an Ohio Limited Liability Company | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, **Derek Mortland**, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant Five SG, LLC for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as

Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Southern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Derek Mortland ("Plaintiff" or "Mr. Mortland") is a Franklin County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant Five SG, LLC owns and/or operates the College Square Shopping Center, which is a shopping center located at 6245 Old Troy Pike, Huber Heights, Ohio 45424 in Montgomery County.

6. Upon information and belief, the facilities owned by Five SG, LLC, are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a shopping center and place of public accommodation fail to comply with the ADA and its regulations, as also described further herein.

7. Upon information and belief, the shopping center owned and operated by the Defendant was originally built by the Defendant or its predecessor commencing in 2011 and granted permits for occupancy in 2011 and is non-compliant with the remedial provisions of the

ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA is required for this hotel unless it is structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

8.      Mr. Mortland is an individual diagnosed with spinal paralysis and permanently uses a wheelchair for mobility. As such, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9.      Mr. Mortland is a Franklin County, Ohio resident and is employed as an ADA speaker, consultant, expert, and coordinator, with one aspect of his expertise focusing on inspection of places of public accommodation for ADA compliance and in that capacity has consulted for private clients throughout Ohio and in Northwest Ohio.

10.     On February 12, 2024, Plaintiff was a patron at the Defendant's shopping center and more specifically at Tropical Smoothie Cafe as a *bona fide* guest while on business in the immediate area within Huber Heights. He plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

11.     Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice.

Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

12. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

13.     The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14.     The Defendant has discriminated and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

15.     A preliminary inspection of the College Square Shopping Center, including Tropical Smoothie Café and the parking lot, has shown that many violations of the ADA exist. These violations include, but are not limited to:

**<u>Parking and Accessible Routes</u>**

A.      In the parking lot, there are not enough accessible stalls, in violation of the ADA section 208.2 of the 2010 Standards and section 4.1.2(5)(a) of the 1991 Standards, whose remedy is strictly required or is at minimum readily achievable.

B.      There are no van accessible parking stalls, in violation of the ADA section 208.2 of the 2010 Standards and section 208.2.4 of the 1991 Standards, whose remedy is strictly required or is at minimum readily achievable.

C.      The north curb ramp exceeds the maximum running slope allowable of 8.33%, in violation of the ADA section 406.1 of the 2010 Standards and section 4.8.2 of the 1991 Standards, whose remedy is strictly required or is at minimum readily achievable.

D.      The north curb ramp side flares exceed maximum slope allowances, in violation of the ADA section 4.6.3 of the 2010 Standards and section 4.7.5 of the 1991 Standards, whose remedy is strictly required or is at minimum readily achievable.

E.     The accessible route is constructed such that a parked vehicle can obstruct access to the north curb ramp, in violation of the ADA section 502.7 of the 2010 Standards and section 4.6.3 of the 1991 Standards, whose remedy is strictly required or is at minimum readily achievable.

F.     The accessible aisle is not located on an accessible route of travel to the accessible building entrance, in violation of the ADA sections 208.3.1 and 502.3 of the 2010 Standards and section 4.6.3 of the 1991 Standards, whose remedy is strictly required or is at minimum readily achievable.

G.     The van stall is missing a sign identifying it as a van accessible stall, in violation of the ADA section 502.6 of the 2010 Standards and section 4.6.4 of the 1991 Standards, whose remedy is strictly required or is at minimum readily achievable.

H.     The parking sign is mounted too low, in violation of the ADA section 502.6 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

I.     The parking sign is mounted too low at the south most accessible parking space, in violation of the ADA section 502.6 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

J.     The south curb ramp exceeds the maximum running slope (parallel to the direction of travel) allowable of 8.33%, in violation of the ADA section 406.1 of the 2010 Standards and section 4.8.2 of the 1991 Standards, whose remedy is strictly required or is at minimum readily achievable.

K.     The south curb ramp side flares exceed maximum slope allowances, in violation of the
       ADA section 406.3 of the 2010 Standards and section 4.7.5 of the 1991 Standards, whose
       remedy is strictly required or is at minimum readily achievable.

L.     The accessible route on the site has running slopes greater than 5 percent and has not
       been constructed as a ramp (i.e. handrails), in violation of the ADA section 403.3 of the
       2010 Standards and section 4.3.7 of the 1991 Standards, whose remedy is strictly
       required or is at minimum readily achievable.

M.     There is no accessible route of travel from the public way, in violation of the ADA
       section 206.2.1 of the 2010 Standards and section 4.1.2(1) of the 1991 Standards, whose
       remedy is strictly required or is at minimum readily achievable.

**<u>Tropical Smoothie Café</u>**

N.     There are no accessible dining surfaces, in violation of the ADA section 226.1 of the
       2010 Standards and section 5.1 of the 1991 Standards, whose remedy is strictly required
       or at minimum is readily achievable.

O.     In the Men's Restroom, the light switch is out of the maximum allowable reach range for
       a side approach, in violation of the ADA section 308.3.1 of the 2010 Standards, whose
       remedy is strictly required or is at minimum readily achievable.

P.     In the Men's Restroom, the water and drainpipes under the lavatory are not adequately
       insulated, in violation of the ADA section 606.5 of the 2010 Standards and section 4.19.4
       of the 1991 Standards, whose remedy is strictly required or is at minimum readily
       achievable.

Q.    In the Men's Restroom, the mirror is mounted above the allowable height above the lavatory and/or counter, in violation of the ADA section 603.3 of the 2010 Standards and section 4.19.6 of the 1991 Standards, whose remedy is strictly required or is at minimum readily achievable.

R.    In the Men's Restroom, the coat hook is missing, in violation of the ADA section 213.3.7 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

S.    Upon information and belief, there are substantially similar barriers to handicap access in the women's restroom, whose remedy is strictly required or is at minimum readily achievable.

**Policies and Procedures**

T.    The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

U.    The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct towards Derek Mortland.

16.   The discriminatory violations described in Paragraph 15 by Defendant Five SG, LLC are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to

handicap access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17.   Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18.   The shopping center and its tenant retailer spaces at issue, as owned and operated by Five SG, LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19.   Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20.   The Plaintiff, and others similarly situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical

barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

21.    Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make all alterations to bring the property into full compliance, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

22.    Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23.    The Defendant Five SG, LLC operates or owns a "place[s] of public accommodation" pursuant to O.R.C. §4112.01(A)(9).

24.    Defendant has committed a unlawful acts pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations.  Whereas, Mr. Mortland has personally experienced numerous barriers to his personal access and enjoyment of the shopping, including a lack of compliant designated accessible parking and two dangerous steeply sloped ramps.

25.    The Defendant's acts are willful, severe, and ongoing.

26.    Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to come into full compliance with the implementing regulations of the ADA as is required for this property unless it would be structurally impracticable or at minimum to make such readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owend Dunn, Jr.
6800 W. Central Avenue, Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
obdjr@owendunnlaw.com